114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Clayton BLAND, Defendant-Appellant.
 No. 96-16928.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis Clayton Bland, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction and sentence for distribution and possession with intent to distribute in excess of 100 grams of phencyclidine, and possession with intent to distribute in excess of one kilogram of phencyclidine ("PCP"). Bland contends that he received ineffective assistance of counsel and that the district court: (1) erred in rejecting his double jeopardy claim; (2) violated Fed.R.Crim.P. 32(a)(1)(A) by failing to determine if he read the presentence report ("PSR"); (3) improperly applied the Guidelines in determining his base offense level; and (4) failed to group his counts at sentencing. We review de novo a district court's denial of Bland's section 2255 motion. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 I. Background
 
 3
 Myers, an individual who agreed to cooperate with the police, arranged a PCP purchase with Bland. In a recorded conversation, Myers agreed to meet with Bland and purchase 32 ounces of PCP for $2400.00. When Bland drove to the prearranged location, he was apprehended by local police and federal agents, where the officers searched and found 679 grams of PCP in Bland's car. These facts formed the basis for the offense of count one for distributing and possessing with intent to distribute in excess of 100 grams of PCP.
 
 
 4
 After Bland was arrested, he admitted to having over five gallons of PCP hidden on his property and agreed to show the officers where it was. The police accompanied Bland to his trailer and seized 6,955 grams of PCP. Bland told one of the officers that he had been selling one ounce of PCP per week for $100. These facts formed the basis for the offense of count two for possession with intent to distribute in excess of one kilogram of PCP.
 
 II. Analysis
 A. Double Jeopardy
 
 5
 Bland contends that his conviction violates the Double Jeopardy Clause because both counts were part of the same scheme and plan. This contention lacks merit.
 
 
 6
 The Double Jeopardy Clause protects against multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969). When more than one offense arises from a single criminal undertaking, and each offense is committed at virtually the same time, in the same place, and with the same participants, only a single punishment may be imposed. See United States v. Palafox, 764 F.2d 558, 562 (9th Cir.1985); see United States v. Fernando-Angulo, 863 F.2d 1449, 1455 (9th Cir.1988). However, two offenses are different for purposes of double jeopardy if each offense requires proof of a fact which the other does not. See Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Dixon, 113 S.Ct. 2849, 2852 (1993).
 
 
 7
 Here, separate convictions and punishments are appropriate because the offenses charged in count one and count two occurred at different times, and were not for the same conduct. Therefore, it was necessary for the government to establish different elements in order to prove each offense. See Palafox, 764 F.2d at 562; Dixon, 113 S.Ct. at 2849. Accordingly, Bland's conviction did not violate the Double Jeopardy Clause.
 
 B. Presentence Report
 
 8
 Bland contends that he was neither afforded the opportunity to review the PSR prior to sentencing nor asked by the court whether he had done so.
 
 
 9
 At the time of Bland's sentencing, Fed.R.Crim.P. 32(a)(1)(A) provided in relevant part that, "[b]efore imposing sentence, the court must ... verify that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report...." 32(a)(1)(A) (1989). However, Rule 32 does not require the court to address the defendant directly concerning his knowledge of the presentence report. See United States v. Maree, 934 F.2d 196, 199 (9th Cir.1991). Rule 32 is satisfied if the court "reasonably relies on evidence indicating that a defendant has read the presentence report and discussed it with counsel." Id.
 
 
 10
 Here, the district court found that the requirements of Rule 32 were met. Counsel submitted an affidavit stating that he read and thoroughly discussed the PSR with Bland because Bland could not read. Although Bland disputes his counsel's statement, at sentencing, that counsel "had gone over the original presentence report in detail ... with Mr. Bland," he voiced no objection. Therefore, Bland's assertion lacks merit. See Maree, 934 F.2d at 199.
 
 C. Application of the Guidelines
 
 11
 We need not address Bland's contention that the district court misapplied the guidelines with respect to the amount of PCP involved, and failed to group both counts according to U.S.S.G. § 3D1.1 because Bland was sentenced subject to the statutory mandatory minimum. See U.S.S.G. § 5G1.1(b).
 
 D. Ineffective Assistance of Counsel
 
 12
 To the extent Bland contends that his counsel was ineffective because he failed to raise the double jeopardy claim, his contention lacks merit.
 
 
 13
 Given our disposition of the Double Jeopardy issue, Bland cannot establish prejudice. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); see also Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982) (failing to raise meritless argument does not constitute ineffective assistance of counsel).
 
 
 14
 Accordingly, the district court did not err by denying Bland' § 28 U.S.C. § 2255 motion. See McMullen, 98 F.3d 1156-57.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3